**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| Plaintiff,   ) | |
| ) | **INDICTMENT NO.** |
| v.   ) | **1:15-CR-293-ELR** |
| ) | |
| JALITA JENERA JOHNSON,   ) | |
| Defendant.   ) | |

**SENTENCING MEMORANDUM OF JALITA JENERA JOHNSON**

COMES NOW, Defendant JALITA JENERA JOHNSON, by and through undersigned counsel, and respectfully asks this Honorable Court to impose a sentence of 6-months home confinement followed by one year of probation. Such a sentence is supported for the reasons below:

**I.       § 3553(a) Factors**

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5)

1

pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; (7) and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1)-(7).  Consideration of these factors warrants a sentence of 24 months imprisonment for Mr. Cruz.

> **a.    18 U.S.C. § 3553(a)(1): the History and Characteristics of Ms. Johnson and the Nature and Circumstances of the Offense Warrant a 6-Month Sentence of Home Confinement Followed by One Year of Probation.**

Pursuant to 18 U.S.C. § 3553(a)(1), a 6-month sentence of home confinement followed by one year of probation is a just and reasonable sentence.  Concerning Ms. Johnson's life history, Ms. Johnson grew up in a loving and nurturing home.  PSR at ¶ 33.  Her father, working as an HVAC technician, and her mother, working a correctional officer, ensured that Ms. Johnson knew the value of hard work and receiving an education.  *Id.*  As the attached character letters make clear, Ms. Johnson's upbringing resulted in her becoming a kind, generous, and gentle young woman.  *See* Attachment 1, "Character Letters for Ms. Johnson."

After graduating from high school, Ms. Johnson began a relationship with Adarrius Weaver.  This relationship resulted in Ms. Johnson having twin daughters, Kaylei and Kahlie.  *Id.* at ¶ 36.  Mr. Weaver did not remain with Ms. Johnson; financially abandoning Ms. Johnson and his two young daughters.  *Id.*  Forced to provide for her two daughters, Ms. Johnson went back to school and secured

employment as a sales representative.  *Id.* at ¶¶ 44, 45-46.  Ms. Johnson is still employed as a sales representative.  Ms. Johnson will lose her job if she is incarcerated.

While Ms. Johnson was doing everything right to support her children, honor her parents and community, and be in full compliance with the law, she met Marcus Wheeler at a baby shower.  After this meeting, Ms. Johnson and Mr. Wheeler kept in touch through emails, text messages and social media.  Mr. Wheeler never disclosed to Ms. Johnson that he was a convicted felon.  Ms. Johnson she never thought to ask if Mr. Wheeler had a criminal past because Mr. Wheeler was always considerate and thoughtful towards her; behaving like a perfect gentlemen during the course of their brief relationship.  His behavior gave no clues or indication that he was a felon.   Ms. Johnson only learned of his past from ATF agents.

Ms. Johnson dated Mr. Wheeler for approximately four months, before he was killed by police.  During their relationship, Mr. Wheeler traveled extensively; telling Ms. Johnson that his work as a sound engineer and promoter for various rap groups required him to be on constantly on the road.  When his work brought him to Atlanta, only then would Mr. Wheeler visit and see Ms. Johnson.  During these visits, the two would usually go to a music studio where Mr. Wheeler worked or out to dinner.

In March and/or April of this year, Mr. Wheeler returned to Atlanta.  Ms. Johnson believed that his return was work-related.  During this visit, their last, Mr.

Wheeler asked Ms. Johnson to purchase a firearm for him. When she asked why he needed a gun, Mr. Wheeler said it was for personal protection. Counsel asked Ms. Johnson why Mr. Wheeler needed a gun for his protection. Ms. Johnson replied that she assumed he wanted to feel safe like anyone else who purchased a gun for protection. Mr. Wheeler asked Ms. Johnson to purchase the firearm because, according to Mr. Wheeler, the firearm was cheaper in Georgia and he could not purchase it because he was not a Georgia resident. To this end, Mr. Wheeler transferred money into Ms. Johnson's checking account, told her what gun to purchase, and Ms. Johnson bought the firearm. Regarding the drum magazine, Ms. Johnson informed counsel that Mr. Wheeler wanted the clip because he thought it to be "cool." Ms. Johnson believed the purchase to be appropriate because the drum magazine was legal to buy and the sales associate did not give the purchase a second-thought.

Mr. Wheeler, however, was not the prince charming he pretended to be. He was in fact a convicted felon, who used the above firearm to kill an Omaha, Nebraska police officer during an attempted arrest. After this shooting, Mr. Wheeler was shot and killed by the Omaha police.

The evil perpetrated by Mr. Wheeler could not have been foreseen by Ms. Johnson based on their relationship. As her base offense level makes clear, Ms. Johnson did not know that Mr. Wheeler was a convicted felon, nor did she know, or

4

have reason to believe, that Mr. Wheeler would use the firearm in such a sickening manner. When Ms. Johnson purchased the firearm for Mr. Wheeler, she sincerely believed that Mr. Wheeler was a good and decent man, who wanted the firearm for reasons of personal protection. If anything or anyone had indicated otherwise, Ms. Johnson would not have purchased the firearm for Mr. Wheeler.

Hence, given the above, a 6-month sentence of home confinement followed by one year of probation is an appropriate and just sentence pursuant to 18 U.S.C. § 3553(a)(1),

> **b. 18 U.S.C. § 3553(a)(2)(B): the Need for the Sentence Imposed to Afford Adequate Deterrence Warrants a 6-Month Sentence of Home Confinement Followed by One Year of Probation.**

Ms. Johnson has been sufficiently deterred from committing any future crimes. She has been profoundly anguished over the crime she perpetrated; the shame she has caused her family; and the pain and suffering her actions have caused to others. Ms. Johnson is resolute in her commitment to leading the rest of her life in full compliance with the law. A 6-month sentence of home confinement followed by one year of probation will be more than adequate to meet the goal of deterring any future criminal conduct by Ms. Johnson

### c. 18 U.S.C. § 3553(a)(2)(C): the Need for the Sentence Imposed to Protect the Public From Further Crimes of the Ms. Johnson Warrants a 6-Month Sentence of Home Confinement Followed by One Year of Probation.

Ms. Johnson does not have any prior arrests, charges or convictions. PSR at ¶¶ 25-31 . Accordingly, Ms. Johnson is not only in criminal history category I, but she is also a true first offender. As such, Ms. Johnson is among the category of offenders that present the lowest risk to reoffend. *United States v. Oldani*, 2009 WL 1770116 (S.D.W. Va. June 16, 2009) contains a thorough discussion of the reduced risk of recidivism posed by true first offenders:

> While his placement within criminal history category "I" gives Mr. Oldani a sizeable benefit based on his lack of criminal history, category "I" can be broken down into further classifications with widely varying rates of recidivism: (a) offenders with no prior arrests or convictions; (b) offenders with prior arrests but no prior convictions; (c) offenders with prior convictions that do not count towards criminal history points; (d) offenders with one criminal history point. *See* U.S. Sentencing Commission, Recidivism and the "First Offender", May 2004 *available at* http://www.ussc.gov/publicat/recidivism_firstoffender.pdf.. Based on empirical research, the commission found that a defendant with no prior arrests nor criminal history has only a *6.8 percent chance of recidivism. Id.* This was the lowest rate of recidivism of any group in the study and sharply lower than the rate of those defendants with prior arrests but no convictions (17.2 percent) or defendants with one criminal history point (22.6 percent). (Defendants with prior convictions that did not count towards a criminal history points had an 8.8 percent rate of recidivism).

*United States v. Oldani*, 2009 WL 1770116 (S.D.W. Va. June 16, 2009) (emphasis added).

Statistically, Ms. Johnson has a 6.8 percent chance of re-offending. Further, Mr. Johnsons' arrest and prosecution, for someone with no prior exposure to the criminal justice system, has been a major life-altering experience. If Ms. Johnson was given a 6-month sentence of home confinement followed by one year of probation, she would pose no risk of committing a criminal offense in the future.

  **d.**  **18 U.S.C. § 3553(a)(3): A 6-Month Sentence of Home Confinement Followed by One Year of Probation Is Available to the Court.**

A 6-month sentence of home confinement followed by one year of probation, as requested by Ms. Johnson and the government, is available to the Court. Ms. Johnson's offense level of 10 is within Zone B of the Sentence Table. PSR at Part D. Sentences within Zone B can be served on probation, so long as 6-months of the respective sentence are served under home confinement. *See* U.S.S.G. § 5C1.1(C)(3); U.S.S.G. § 5C1.1, App.N. 3(B). Hence, a 6-month sentence of home confinement followed by one year of probation is available to the Court.

  **e.**  **18 U.S.C. § 3553(a): the "Parsimony Provision" Warrants a 6-month Sentence of Home Confinement Followed by One Year of Probation.**

The "parsimony provision" of 18 U.S.C. § 3553(a) provides that a sentence shall be sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public from the defendant, and provide the

defendant with needed care. A 6-month sentence of home confinement followed by one year of probation is a reasonable sentence, which is sufficient to address the purposes set forth in paragraph (2) of 18 U.S.C. § 3553(a). A sentence beyond a 6-month sentence of home confinement followed by one year of probation would violate the parsimony mandate of 18 U.S.C. §3553.

WHEREFORE, Ms. Johnson respectfully asks this Honorable Court to consider this pleading and its attachment and to sentence Ms. Johnson to a 6-month sentence of home confinement followed by one year of probation

DATED:   This 26th day of October, 2015.

Respectfully submitted,

*s/ Stephen Patrick Johnson*
STEPHEN PATRICK JOHNSON
GEORGIA STATE BAR NO. 940596
ATTORNEY FOR JALITA JENERA JOHNSON

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530/(404) 688-7530 fax
Stephen_Johnson@fd.org

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing SENTENCING MEMORANDUM via electronic mail to the following attorney of record upon:

>Mary Webb, Esq.
>U.S. Attorney's Office-ATL
>600 U.S. Courthouse
>75 Spring Street, S.W.
>Atlanta, GA 30335

DATED: This 26th day of October, 2015.

>Respectfully submitted,
>
>*s/ Stephen Patrick Johnson*
>STEPHEN PATRICK JOHNSON
>GEORGIA STATE BAR NO. 940596